ANNA GOLDFARB, AN INFANT, BY SAMUEL GOLDFARB, HER NEXT FRIEND, AND SAMUEL GOLDFARB, INDIVIDULLY, RESPONDENTS, v. PHILLIPSBURG TRANSIT COMPANY, A CORPORATION, APPELLANT.

Argued February 3, 1927—Decided May 16, 1927.

1. A question not presented and argued in the court below will be held to have been waived and abandoned, and will not be considered in an appellate tribunal.
2. A general exception to a judicial charge directed to all that was said respecting a subject-matter, assigning no reason for such challenge, and not pointing out any specific erroneous proposition is insufficient.
3. Debatable questions of fact, about which honest men might differ, must always be left to the jury.

On appeal from the Supreme Court.

For the appellant, *William H. Walters, Asher Seip* (of the Pennsylvania bar) and *Conover English.*

For the respondents, *William L. Greenbaum* and *Benjamin M. Weinberg.*

The opinion of the court was delivered by

McGLENNON, J.    This is an appeal by the defendant below, from a judgment entered upon a verdict of the jury, in an action instituted in the Supreme Court, and tried at the Warren Circuit. The infant plaintiff Anna Goldfarb obtained a verdict against the defendant for fifteen thousand ($15,000) dollars, and the plaintiff Samuel Goldfarb obtained a verdict for five thousand five hundred ($5,500) dollars.

The suit was instituted to recover damages for injuries received by Anna Goldfarb, who was run over by a trolley car owned by the defendant company, and operated by one of its servants, while crossing Central avenue, in the borough of Alpha, Warren county, New Jersey, and also compensation to the father, Samuel Goldfarb, for moneys expended by him

in endeavoring to cure the child of her injuries, and for other losses consequent to the permanent injury and disability of his infant daughter.

The relevant facts are the following: Samuel Goldfarb, and his wife, Dora Goldfarb, with their family of six children, lived on the south side of Central avenue, in the middle of the block, between Fourth and Fifth streets, in the borough of Alpha, Warren county, New Jersey. At this address the father conducts a general merchandise and grocery business.

On July 13th, 1925, between six and seven o'clock, of a perfectly bright and clear summer evening, with daylight saving time in operation, one of their children, the infant plaintiff, Anna Goldfarb, about five years of age, crossed Central avenue, almost opposite her home, to play with some children on the other, or north side, of the street. Central avenue runs east and west, and in the center of the avenue there was a single track, over which defendant's trolley cars were operated in both directions. While attempting to re-cross Central avenue, to return to her home, she came into collision with a trolley car and was run over, suffering exceedingly serious injuries, which necessitated the amputation of her right leg immediately above the knee joint, and the amputation of a part of her left foot.

There was testimony to show that the child had started to cross the street, when a trolley car, coming from the west, made its appearance; that the motorman, to use his own language, "saw a lot of children fooling around, that they were then about half way between the car tracks and the curb;" that the motorman first saw these children when he was about twenty or thirty feet away from them; that the motorman saw the child and slowed down his car; that the child stopped; that she then started to walk toward the car, and the car started to go forward; that the motorman failed to give warning of the approach of his car; that someone shouted a warning to the motorman; that the child and the car collided; that the hinge struck her; that she was seen to fall near the front door; that she then rolled under the car; that the trucks of the car ran over her; that the car continued to move its full length; that Anna laid across the

rail, about three feet behind the rear of the car, and that the mangled child was then picked up and taken to Easton Hospital. The defendant presented testimony to the effect that Anna Goldfarb walked into the side of the car; that the car was under proper control; that the trolley car was moving slowly; that there was no positive evidence that a warning was given; that the motorman did not know that the accident happened until it was over; that the motorman did not see any child run towards his car; that the motorman saw children, but that he had enough clearance to pass them by, and that there were none in front of his car, and that he had a clear track ahead.

In this state of the proofs the learned judge submitted the case to the jury, to determine upon the evidence in the case whether or not there was any negligence on the part of the motorman, which was the natural and proximate cause of the accident and injury to this child, and verdicts were returned in favor of the child and her father as above stated.

While there are five grounds of appeal enumerated by the appellant, the state of the case is almost barren as to exceptions, noted during the trial. As all such exceptions are required by the rules of this court to be included in the printed record, it is presumed that the record before us is complete. To support this appeal then we find but one exception noted which is found following the charge, to wit:

"Mr. Walters: We except to all that part of the charge respecting the care required of the motorman, and of the court's refusal to charge our requests."

The first ground alleges error in refusal of the court to direct a verdict for the defendant. No motion to that effect appears to have been made or ruled upon by the court or referred to in the brief. It is, therefore, not before us for consideration. *Shaw* v. *Bender,* 90 *N. J. L.* 147.

The second ground of appeal contains three long extracts from the charge. These are claimed to be erroneous. They are designated as (a), (b) and (c). Extracts (a) and (b) are not treated or argued in the briefs, and are therefore considered as abandoned. The only portion of extract (c) of the charge, discussed in the brief, is quoted as follows:

"If a motorman running a trolley car on a highway in the daytime perceives a person passing along on foot or closely beside the track, and apparently heedless of signals, and the motorman can arrest the movement of the car before striking such person, his failure to do so is evidence of negligence, which must be submitted to the jury to decide as a fact. For that reason this case comes to you to decide."

This extract was not specifically pointed out by the exception above noted, and the court made several other references to the care required of the motorman which are not now complained of. It must be read in the light of the context and the whole charge. *State* v. *Giberson,* 99 *N. J. L.* 85. Read in that connection, we are of the opinion that the charge as a whole fairly left it to the jury to determine the question of the motorman's negligence, from the evidence in the case. We think this portion of the charge was a pertinent illustration of facts, which the jury would be justified in finding from the evidence and submitted to it for its determination. Appellant's criticism of this portion of the charge seems to be chiefly based upon the use of the phrase, "for that reason this case comes to you to decide" as amounting to an instruction to the jury to find for the plaintiff. Somewhat ingeniously, the quoted portion ends with a period, whereas that portion of the charge contained a semicolon, and the sentence proceeded to caution the jury not to forget all that was said throughout the entire charge respecting the care required of the motorman. This particular portion of the charge is plainly made conditional, if the jury should find the facts as therein illustrated and the evidence was susceptible of such a finding. But the instruction did not restrict a contrary finding.

Furthermore, as the exception is directed to all the court said respecting the care required of a motorman, assigning no reason for such challenge, and not pointing out any specific erroneous proposition, to which the attention of the trial judge was called, so that he might be afforded an opportunity to correct the mistake, appellant should have no benefit from such a general objection to the charge, upon the principle adverted to in *Thibodeau* v. *Hanley,* 95 *N. J. L.* 180.

The last three grounds except to a refusal to charge as requested by defendant, as follows:

1. Under the law and the evidence the verdict must be for the defendant.

2. Under all the evidence the plaintiff has not shown negligence on the part of the defendant company.

3. The defendant is not chargeable with negligence in failing to keep a proper lookout for a child of tender years on the sidewalk in the middle of a block, which child suddenly runs into the street and directly into the side of an approaching car.

Here, too, the case fails to show any ruling by the court upon these requests, or whether they were presented in proper time to enable the court to consider them and make a ruling. We are not required to presume this was done. However, as these requests, in substance, merely attack the propriety of submitting the case to the jury, we have concluded to base our affirmance of the judgment herein, upon the broad ground that the whole evidence presented a proper case for submission to the jury.

We deem that the evidence, at the very least, presented a debatable question about which honest men might differ as to the negligence of the motorman. Such a situation requires submission of the determination of the facts to a jury. *Devine* v. *Public Service Railway Co.,* 85 *N. J. L.* 243. Appellant assumes that the evidence conclusively established the fact that the child deliberately walked into the trolley car, without any fault of the motorman in failing to avoid the collision between the car and the child. We feel there was evidence to support the finding of the jury, if they believed the evidence to the effect that the motorman saw children in the street as he approached; that there was nothing to obstruct his view, and that he saw, or by a proper vigilance should have seen, the infant plaintiff approach dangerously near his car, and that he might have stopped the car in time to avoid the collision and permit her to pass safely; and that, under all the circumstances, his failure to observe or act in time to prevent the accident constituted negligence.

This court, speaking generally with respect to the degree

of care required toward children, in *Traction Co.* v. *Heitman's Adm'r*, 61 *N. J. L.* 682, 685, said:

"In this class of casualties, involving injuries by the cars of electric traction companies, going often with great rapidity in the public highways, motormen are properly held to a careful and constant lookout for every movement of human life on their front, and especially for the movements of children, who are of such tender years as to be incapable of contributory negligence."

The instant case presents aspects similar to the case just cited, especially as the motorman observed the children in the street as he approached, and was under a duty to observe reasonable vigilance as to their movements, and it was for the jury to say whether he had done so.

Failure to submit the case to the jury, under the proofs, would have been reversible error, even if the question of contributory negligence of the infant plaintiff were involved. This was held to be so in *Van Cott* v. *North Jersey Street Railway Co.*, 72 *N. J. L.* 229, where the facts were quite similar to the case at bar. Mr. Justice Garrison, for this court (at *p.* 230), said:

"From this testimony it might be legitimately inferred that the child and the motorman each saw the other; that the motorman, by slackening the speed of his car, led the plaintiff to believe that she could safely cross in front of it, and that under the circumstances the imparting of an extra burst of speed to the car, after it had come to a semi-halt, was an act of negligence on the part of the motorman * * * and the contributory negligence of the plaintiff became questions of fact for the jury, whatever may have been the state of the proofs at the close of the plaintiff's case."

For the above reasons the judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—None.